## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

DANIEL E. WALKER,

                    Plaintiff,

          v.                                        CASE NO. 20-3159-SAC

JEFF ZMUDA, et al.,

                    Defendants.


## MEMORANDUM AND ORDER
## AND ORDER TO SHOW CAUSE

Plaintiff Daniel E. Walker, a state prisoner at the El Dorado Correctional Facility (EDCF) in El Dorado, Kansas, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *in forma pauperis*. For the reasons discussed below, Plaintiff is ordered to show cause why his Complaint should not be dismissed. Also before the Court are a Motion for Preliminary Injunction (ECF No. 3) and a Motion for Ruling (ECF No. 10) filed by Plaintiff.

### I.  Nature of the Matter before the Court

Plaintiff's Complaint centers around the alleged actions of Defendant Sissell, Enforcement, Apprehension and Investigation (EAI) agent at EDCF. Plaintiff claims Sissell has targeted him unfairly and put his life at risk. He recounts two incidents. The first was a theft from the facility's canteen storage room which occurred on December 18, 2018. On December 21, 2018, Sissell handcuffed Plaintiff and took him to segregation on pending investigation status. Plaintiff was one of three suspects in the canteen theft. He remained in segregation for four months, despite

1

surveillance cameras supporting his innocence, and was never charged with a disciplinary violation as a result of the canteen theft. However, he did receive several notes containing death threats from inmates who were upset about the loss of their canteen orders.

The second incident was another theft, this time from the property room. On November 10, 2019, the EDCF property room was broken into and thousands of dollars of inmate property was stolen or destroyed. On November 12, 2019, Sissell again sent Plaintiff to segregation on pending investigation status. This time, Plaintiff received a disciplinary report charging him with theft. The report states that Plaintiff was identified from video surveillance as one of three offenders walking towards the property room just before the theft. While he was not seen with any stolen property, it was determined after a disciplinary hearing that he served as a lookout and it was "more likely true than not" that he was a co-conspirator in the theft. ECF No. 1-1, at 13. Plaintiff appealed to Secretary Zmuda, and Zmuda suspended the restitution assessed against Plaintiff but upheld the charge. Plaintiff remained in segregation at the time he filed his Complaint.

In Count I of the Complaint (ECF No. 1), Plaintiff alleges that he was subjected to unsafe conditions of confinement in violation of the Fourteenth Amendment as a result of Sissell repeatedly leading investigations against Plaintiff and labeling him a suspect in the canteen and property room thefts. Plaintiff claims Defendant Cline, warden of EDCF, violated his rights by failing to discipline Sissell and repeatedly reviewing and approving Sissell's written reports, despite knowing or having reason to know the information in the reports was false.

In Count II, Plaintiff alleges Sissell and Cline retaliated against him in violation of the First Amendment. He asserts Sissell named him as a suspect in the second theft and placed him in segregation and Cline approved the segregation placement in retaliation for Plaintiff filing grievances.

In Count III, Plaintiff claims Defendant Zmuda, Secretary of the Kansas Department of Corrections, and Cline violated his right to due process through their deliberate indifference and by creating a custom under which unconstitutional practices occurred and were allowed to continue.

Plaintiff seeks a declaration that his constitutional rights were violated, an injunction ordering Zmuda and Cline to stop Sissell from targeting Plaintiff and to release Plaintiff from segregation, compensatory damages of $75,000 and punitive damages of $50,000 from Sissell, and nominal damages against Cline and Sissell.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of such entity to determine whether summary dismissal is appropriate.  28 U.S.C. § 1915A(a).  Additionally, with any litigant, such as Plaintiff, who is proceeding in forma pauperis, the Court has a duty to screen the complaint to determine its sufficiency.  *See* 28 U.S.C. § 1915(e)(2).  Upon completion of this screening, the Court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts

3

all well-pleaded allegations in the complaint as true.  *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555 (citations omitted).  The Complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face."  *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals.  *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).  As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief."  *Kay*, 500 F.3d at

1218 (citation omitted).  Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'"  *Smith*, 561 F.3d at 1098 (citation omitted).  "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. Discussion

Plaintiff's Complaint is subject to dismissal for the following reasons.

### A. Count I

In Count I, Plaintiff states he is making a conditions of confinement claim under the Fourteenth Amendment.  Conditions of confinement claims arise under the Eighth Amendment. Plaintiff's claim may more properly be evaluated as a failure to protect claim.  Either way, however, the same test is applied.

A successful Eighth Amendment claim requires a plaintiff to demonstrate evidence of both objective and subjective components.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  "First, the deprivation alleged must be, objectively, 'sufficiently serious.'"  *Id.*  For the subjective component, the plaintiff must establish that the official subjectively acted with "deliberate indifference to [his] health or safety."  *Farmer*, 511 U.S. at 834 (citations omitted).

To satisfy the objective component, a prisoner must allege facts showing he or she is "incarcerated under conditions posing a substantial risk of serious harm."  *Id.*; *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005).  "Under the Eighth Amendment, (prison) officials must provide humane conditions of confinement by ensuring inmates receive the basic necessities of

adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety." *McBride v. Deer*, 240 F.3d 1287, 1291 (10th Cir. 2001) (citation omitted).

With regard to the subjective component, the plaintiff must prove that the defendant acted with a culpable state of mind. *Farmer*, 511 U.S. at 834, 837 ("[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."); *McBride*, 240 F.3d at 1291; *Despain v. Uphoff*, 264 F.3d 965, 975 (10th Cir. 2001) (Deliberate indifference "requires both knowledge and disregard of possible risks."). Deliberate indifference requires "a higher degree of fault than negligence." *Hovater v. Robinson*, 1 F.3d 1063, 1066 (10th Cir. 1993) (other citations omitted); *Farmer*, 511 U.S. at 835. A prison official's "failure to alleviate a significant risk that he should have perceived but did not" does not amount to the infliction of cruel and unusual punishment. *Id.* It follows that plaintiff must allege facts indicating that defendants actually knew of but disregarded a serious risk to him, rather than that they should have been aware of possible danger. *Id.*

In evaluating Plaintiff's claim, the Court is mindful of the Supreme Court's mandate that the judicial branch accord deference to prison authorities in the running of prisons and jails, particularly when a state prison system is involved. *See Turner v. Safley*, 482 U.S. 78, 85 (1987). "[M]aintaining internal security and preserving internal order and discipline are essential goals that may require limitation or retraction of the retained constitutional rights of both convicted prisoners and pretrial detainees." *Bell v. Wolfish*, 441 U.S. 520, 546 (1979).

Plaintiff alleges Sissell violated his constitutional rights by "repeatedly leading EDCF investigations against the plaintiff, labeling him as a culprit (per camera) but knowing who the real

culprits were (per camera)."   ECF No. 1, at 11.   As summarized above, Plaintiff cites two investigations.

The first question is whether Plaintiff is or was "incarcerated under conditions posing a substantial risk of serious harm."   *Farmer*, 511 U.S. at 834.   Plaintiff alleges he received seven "life threatening notes from unknown but clearly very angry inmates who had incurred losses because the [canteen] theft."   *Id.* at 5.   Under some circumstances, the failure to protect an inmate from a *threat* of violence without any attempted violent act may state a claim under the Eighth Amendment.   However, "a defendant's failure to protect an inmate from idle threats by fellow inmates does not violate the Eighth Amendment."   *Bauer v. Dantis*, 77 F.3d 492, 1996 WL 77037, *2 (10th Cir. Feb. 21, 1996) (quoting *Bauer v. Dantis*, No. 94-cv-430-LH-LCH (D.N.M. July 7, 1995)).   It is questionable whether the Complaint meets the objective component of an Eighth Amendment claim.

The second question is whether Sissell acted with deliberate indifference in investigating Plaintiff in connection with the two thefts and in treating him as a suspect.   Examining Plaintiff's allegations closely, he has not alleged Sissell told other inmates that Plaintiff stole their property.   Rather, Plaintiff claims that being taken to segregation following each theft resulted in other inmates knowing he was a suspect.   This distinguishes Plaintiff's situation from cases which have found that prison staff labeling a prisoner a "snitch" or otherwise informing other inmates that he cooperated with law enforcement can constitute deliberate indifference to the safety of that prisoner.   *See, e.g., Benefield v. McDowall*, 241 F.3d 1267, 1271 (10th Cir. 2001).

Plaintiff provides no explanation for why Sissell would falsely accuse him of involvement in the thefts or why Sissell would want to put him at risk.   It is presumably part of Sissell's job to investigate thefts at EDCF.   To say that he cannot move suspects to segregation because the

suspects may later be found to be innocent would unnecessarily hinder his ability to do his job.  In addition, putting an inmate in segregation who is suspected of stealing other inmates' property provides protection to the suspect.  *See Carter v. Padilla,* 54 F. App'x 292, 293 (10th Cir. 2002); *Goodson v. Vieyra*, No. 14-3001-SAC, 2014 WL 5528692, at *3 (D. Kan. Nov. 3, 2014).

Further, in the second theft, Plaintiff's Complaint and attachments show he was on camera in the vicinity of the property room, talking with the other suspects, just before the theft.  Such evidence is certainly enough to justify Sissell's actions in investigating Plaintiff as a suspect. Moreover, Plaintiff was found after a disciplinary hearing to be involved as a lookout/co-conspirator.

The Complaint fails to state a claim for violation of Plaintiff's Eighth Amendment rights by Defendant Sissell.

Plaintiff also includes Cline in Count I.  He claims Cline violated his rights by failing to discipline Sissell and repeatedly reviewing and approving Sissell's written reports, despite knowing or having reason to know the information in the reports were false.  Even if the Complaint stated a claim against Sissell, it does not include support for the allegation that Cline personally knew Sissell's reports were false, other than Plaintiff's assertion that the camera footage did not show him breaking in or carrying stolen property.  As demonstrated by the second theft, Plaintiff could have been involved without breaking a lock or possessing stolen goods.

Count I fails to state a claim for violation of Plaintiff's constitutional rights and is subject to dismissal.

### B.  Count II – Retaliation

"Prison officials may not retaliate against or harass an inmate because of the inmate's exercise of his 'constitutional rights.'"  *Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir. 1990);

*Penrod v. Zavaras*, 94 F.3d 1399, 1404 (10th Cir. 1996).  However, an "inmate claiming retaliation must allege *specific facts* showing retaliation because of the exercise of the prisoner's constitutional rights."  *Fogle v. Pierson*, 435 F.3d 1252, 1264 (10th Cir. 2006)(quotations and citations omitted); *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998)).  Thus, for this type of claim, "it is imperative that plaintiff's pleading be factual and not conclusory.  Mere allegations of constitutional retaliation will not suffice."  *Frazier v. Dubois*, 922 F.2d 560, 562 n.1 (10th Cir. 1990) (plaintiffs must allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights.").  To prevail, a prisoner must show that the challenged actions would not have occurred "but for" a retaliatory motive.  *Baughman v. Saffle*, 24 F. App'x 845, 848 (10th Cir.2001)(citing *Maschner*, 899 F.2d at 949–50; *Peterson*, 149 F.3d at 1144)); *see also Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999)("[T]he inmate must allege more than his personal belief that he is the victim of retaliation.").

In Count II, Plaintiff seems to be focusing on the second theft, alleging Sissell violated his First Amendment rights by "again naming him in a prison case the defendant Sissell knew the plaintiff had not committed."  ECF No. 1, at 12.  He also claims Sissell and Cline violated his rights through "retaliatory segregation placement" and asserts Cline retaliated against him for exercising his right to file grievances.  *Id.*

Plaintiff fails to state a retaliation claim.  His allegations do not include specific facts showing retaliation because of his exercise of constitutional rights.  He includes no facts that tie his filing of grievances to his placement in segregation.  His personal belief that there is a connection is not enough.  Moreover, Plaintiff cannot state a retaliation claim against Cline and Sissell based on the second theft, resulting disciplinary report, and alleged punitive segregation placement because a hearing officer found he was involved in the theft.  *Requena v. Roberts*, 893

F.3d 1195, 1211 (10th Cir. 2018). "[A] prisoner cannot maintain a retaliation claim when he is convicted of the actual behavioral violation underlying the alleged retaliatory false disciplinary report and there is evidence to sustain the conviction." *Id.* (quoting *O'Bryant v. Finch*, 637 F.3d 1207, 1215 (11th Cir. 2011) (per curiam)).

### C.  Count III – Due Process

In Count III, Plaintiff claims Defendant Zmuda, Secretary of the Kansas Department of Corrections, and Cline violated his right to due process through their deliberate indifference and by creating a custom under which unconstitutional practices occurred and were allowed to continue.

It is not entirely clear to the Court how Plaintiff believes his due process rights were violated. If he claims violation in connection with his placement in segregation, an inmate does not possess a liberty interest arising from the Due Process Clause in assignment to a particular custody level or security classification or place of confinement. *See Wilkinson v. Austin*, 545 U.S. 209, 221–222 (2005); *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 224–25 (1976); *Montayne v. Haymes*, 427 U.S. 236, 243 (1976); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976). Indeed, inmates have "no legitimate statutory or constitutional entitlement" even if a new classification would cause that inmate to suffer a "grievous loss." *Moody,* 429 U.S. at 88 n.9. Instead, the custody classification of prisoners is among the "wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts." *Meachum*, 427 U.S. at 225. Thus, an inmate's placement in administrative segregation is a classification matter that is purely within the discretion of prison officials, and generally not reviewable in federal court. *See Templeman v. Gunter*, 16 F.3d 367, 371 (10th Cir. 1994). Segregation is not limited to instances of punishment but may be imposed for

administrative purposes.  Administrative segregation implicates constitutional due process only if the confinement is "the type of atypical, significant deprivation in which a state might conceivably create a liberty interest."  *Sandin v. Conner*, 515 U.S. 472, 486 (1995).

If Plaintiff claims his placement in segregation violated due process, he has failed to state a claim.  He has not shown his placement was an atypical, significant deprivation.

## IV.  Response Required

For the reasons stated herein, Plaintiff's Complaint is subject to dismissal under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. Plaintiff is therefore required to show good cause why his Complaint should not be dismissed. Plaintiff is warned that his failure to file a timely response may result in the Complaint being dismissed for the reasons stated herein without further notice.

## V.  Motions

Also before the Court are two motions filed by Plaintiff: a motion for preliminary injunction (ECF No. 3) and a motion for ruling (ECF No. 10).

In his motion for a preliminary injunction, Plaintiff repeats the allegations he makes in his Complaint.  He also alleges ongoing harassment in the form of strip searches and disciplinary reports and that a state petition he prepared disappeared.  He requests transfer to another facility.

A movant seeking a preliminary injunction to remedy an alleged constitutional violation must establish "four factors: (1) a likelihood of success on the merits [of his described claim]; (2) a likelihood that [he] will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in [his] favor; and (4) that the injunction is in the public interest."  *White v. Kansas Dep't of Corr.*, 617 F. App'x 901, 904 (10th Cir. 2015) (*quoting RoDa Drilling Co. v. Siegal,* 552 F.3d 1203, 1208 (10th Cir. 2009)).  "To constitute irreparable harm, an injury must be

certain, great, actual and not theoretical." *Heideman v. S. Salt Lake City,* 348 F.3d 1182, 1189 (10th Cir. 2003) (internal quotation marks omitted). A preliminary injunction is only appropriate "to prevent existing or presently threatening injuries. One will not be granted against something merely feared as liable to occur at some indefinite time in the future." *State of Connecticut v. Commonwealth of Massachusetts,* 282 U.S. 660, 674 (1931).

The allegations Plaintiff makes do not establish that injury is "certain . . . and not theoretical." *See Heideman*, 348 F.3d at 1189. He has not alleged that injury is more than "merely feared as liable to occur at some indefinite time in the future." *See Connecticut*, 282 U.S. at 674.

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A preliminary injunction is appropriate only when the movant's right to relief is clear and unequivocal. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). Moreover, a federal court considering a motion for preliminary injunctive relief affecting the conditions of a prisoner's confinement must give "substantial weight to any adverse impact on public safety" and on prison operation. 18 U.S.C. § 3626(a)(2). Finally, a mandatory preliminary injunction, such as the one sought by Plaintiff, which requires the non-moving party to take affirmative action, is disfavored and therefore requires the moving party to make a heightened showing of the four factors above. *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010).

The Court finds that Plaintiff has not met his burden to make a heightened showing that entry of a preliminary injunction is warranted; he has not demonstrated a likelihood of success on the merits such that his right to relief is clear and unequivocal and he has not established a likelihood of irreparable harm. At this point in the proceedings, the Court has directed Plaintiff to

show cause why his Complaint should not be dismissed for failure to state a claim. For this reason, Plaintiff's motion for injunctive relief is denied at this time.

By virtue of this Order, Plaintiff's motion for ruling (ECF No. 10) is granted.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including **April 26, 2021**, in which to show good cause, in writing, why his Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Injunction (ECF No. 3) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Ruling (ECF No. 10) is **granted**.

**IT IS SO ORDERED.**

DATED: This 24th day of March, 2021, at Topeka, Kansas.

**s/ Sam A. Crow**
**SAM A. CROW**
**U.S. Senior District Judge**